### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **VALDA T. JOHNSON,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 04-1848 (ESH/JMF)** |
| **ELAINE L. CHAO**, *et al.*, | |
| **Defendants.** | |

### MEMORANDUM ORDER

This case was referred to me for settlement and for the resolution of all discovery disputes.  Currently pending before me are two motions and a request for expedited consideration.  For the reasons stated herein, plaintiff's Motion to Have Defendant Make John Seal Present for Deposition; Motion to Clarify Scope to Include EEO Arbitration and Promotion Issues; and Document to Accept Pro Bono Attorney for Limited Purpose of Mediation ("Pl.'s Mot.") [#19] is **GRANTED in part and DENIED in part** and Defendants' Motion for a Protective Order [#21] is **GRANTED in part and DENIED in part.**

On June 16, 2005, plaintiff moved this court for an order directing defendants to make John Seal ("Seal"), Chief Management and Human Capital Officer of the Pension Benefit Guarantee Corporation ("PBGC"), available for a deposition on June 24, 2005.  On June 21, 2005, defendants filed a comprehensive motion for a protective order explaining why Seal should not be compelled to appear at the deposition.  Among other reasons, defendants explained that Seal has no information relevant to the issues ripe for consideration in this case.  Defendants also

argued that Seal is a high-level official in the PBGC and should not be forced to attend a deposition in this matter.  On June 22, 2005, defendants filed a Notice and attached email correspondence indicating that the parties agreed, at the very least, to postpone the deposition to June 29, 2005.  Defendants also requested expedited briefing and expedited review of this matter.

Because of the parties' agreement to postpone the deposition until after the upcoming settlement conference (scheduled to take place before me on June 27, 2005), defendants need not produce Seal for deposition on June 24, 2005.  However, whether the deposition shall be conducted on June 29, 2005 or on any other date is another issue.  First, based on the pleadings, there appears to be a fundamental misunderstanding about whether this witness has relevant knowledge of the facts underlying the complaint and whether the information plaintiff seeks is available through other, less burdensome discovery devices.  Accordingly, at the settlement conference, the parties will discuss these issues, in addition to whether Seal's deposition should take place on another date.

It should also be noted that, in her motion, plaintiff requested that the court clarify the scope of her complaint and the issues pending before the court, apparently because she seeks to combine claims that are pending before the EEOC and claims that have already been resolved through the administrative process.  As a pro se litigant, plaintiff simply makes this request to clarify without providing a full argument to the court.  Regardless, because this is an issue that goes to the merits of her case, and not to discovery, I will not rule on this issue.

Finally, plaintiff has submitted a document in which she acknowledges the appointment of counsel for the limited purpose of mediation.  In that document, she states: "The Pro Bono attorney does not have authority to make decisions without my consent." Pl.'s Mot., Ex. 2.  The

2

Court acknowledges receipt of this document and expects both the attorney and plaintiff to attend

the settlement session scheduled for June 27, 2005.

**SO ORDERED.**


Dated: _____

                                                    JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE